UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHAEL ANDREIKA** ) | **CIVIL ACTION** |
|     Plaintiff ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| **FIRST RESOLUTION MANAGEMENT** ) | |
| **CORPORATION** ) | |
|     Defendant ) | **JANUARY 17, 2008** |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II. PARTIES

2. The plaintiff, Michael Andreika, is a natural person residing in Weston, Connecticut.

3. The defendant, First Resolution Management Corporation ("First Resolution"), is a Canadian corporation with offices in Vancouver, British Columbia and Seattle, Washington and engages in consumer debt collection.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over First Resolution because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

### IV.  FACTUAL ALLEGATIONS

7. In the spring of 2007, First Resolution contacted Plaintiff in an attempt to collect a debt.

8. On information and belief, those attempts were conducted from First Resolution's Seattle, Washington office.

9. On July 4, 2007, First Resolution sent Plaintiff a "Final Notice", stating that if the account was not resolved within 21 days, First Resolution would, "be forwarding this file to a lawyer in your State with instructions to commence legal action, obtain Judgment and enforce same through the due-process remedies afforded by your State.  Depending on State laws, remedies may include garnishees and/or the seizure and sale of assets."

10. On information and belief, First Resolution does not have written authority to act as the creditor's agent in the selection of an attorney to collect the creditor's accounts as required by Conn. Gen. Stat. §36a-805(4).

11. The July 4, 2007 letter was sent from First Resolution's Seattle, Washington office.

12. On information and belief, First Resolution is a Consumer Collection Agency as defined by Conn. Gen. Stat. §36a-800.

13. On information and belief, First Resolution does not employ members of the Connecticut Bar.

14. As stated in First Resolution's July 4, 2007 letter, it does not own the debt.

15. First Resolution's Vancouver, British Columbia office is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

16. On information and belief, First Resolution's Seattle, Washington office is not registered with the Connecticut Department of Banking as a Consumer Collection Agency.

17. First Resolution's collection attempts conducted from its Seattle, Washington location is a violation of Conn. Gen. Stat. §36a-801(a) for acting as a Consumer Collection Agency without having a Consumer Collection Agency license, as each location must be licensed pursuant to  Conn. Gen. Stat. §36a-801(c).

## V.  CLAIMS FOR RELIEF

### CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

18. Paragraphs 1-17 are herein incorporated.

19. First Resolution violated the Fair Debt Collection Practices Act ("FDCPA"),  15 U.S.C. § 1692e, by representing that it could forward Plaintiff's account to a lawyer to, "commence legal action, obtain Judgment and enforce same through the due-process remedies," when such action is unlawful per Conn. Gen. Stat. §36a-805(4).

20. First Resolution violated FDCPA § 1692e(4) by implying that it could garnish and/or seize and sell Plaintiff's assets which is unlawful as a Consumer Collection Agency may not take such action in the State of Connecticut.

21. First Resolution violated FDCPA § 1692f by attempting to collect a debt from a location not licensed by the Connecticut Department of Banking per Conn. Gen. Stat. §§36a-801(a) and (c).

22. For First Resolution's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

                        PLAINTIFF, MICHAEL ANDREIKA


                        By: _____
                        Daniel S. Blinn, ct02128
                        dblinn@consumerlawgroup.com
                        Consumer Law Group, LLC
                        35 Cold Spring Rd. Suite 512
                        Rocky Hill, CT  06067
                        Tel. (860) 571-0408  Fax. (860) 571-7457